C4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARVIN BRANDON #20070004405, )
                              )
            Plaintiff,        )
                              )
    v.                        )   No.  08 C 6286
                              )
TOM DART, et al.,             )
                              )
            Defendants.       )

MEMORANDUM ORDER

Marvin Brandon ("Brandon") has brought a complaint against Sheriff Tom Dart and Cook County Jail Superintendent Slaughter, complaining of conditions at the County Jail and asserting that his constitutional rights have been violated. This memorandum order is issued sua sponte because of some problems posed by the Complaint and this action itself.

To begin with, a nonlawyer such as Brandon cannot bring a class action in which he represents others, as Complaint ¶IV seeks to do. And that being so, this current case will be treated solely as an individual action.

Next, and requiring the current dismissal of the Complaint and action without prejudice, the Complaint here has no showing of the exhaustion of all available administrative remedies, which 42 U.S.C. §1997e(a) makes a precondition to the bringing of any action with respect to prison conditions. If and when Brandon proceeds with such remedies and carries them through to exhaustion, he may reinstitute his claim through a new lawsuit.

Finally, despite the fact that the required dismissal is without prejudice, this Court must address Brandon's In Forma Pauperis Application ("Application") and Motion for Appointment of Counsel ("Motion") that have accompanied his Complaint:

1. As to the Application, although Brandon has omitted the signature page of the Clerk's-Office-provided form, what he has tendered makes it plain that he cannot currently pay the entire $350 filing fee. But the accompanying printout of transactions in his trust fund account at the County Jail reveals average monthly deposits of $113.89, so that the initial partial filing fee that he must provide comes to $22.78 (see 28 U.S.C. §1915(a)(2) and (b)(1)). Accordingly a copy of this memorandum order is being transmitted to the trust fund officer at the County Jail so that he or she can promptly remit that amount to the Clerk of this District Court.

2. As for the Motion, it must be and is denied as moot. If however Brandon were to bring suit again after having qualified to do so, he must provide an answer to Paragraph 2 of the Motion form.[1]

Because what has been said regarding the Application tells only

---

[1] It is extraordinarily difficult to understand how prison or jail inmates such as Brandon persistently fail in that respect. That paragraph concludes with this instruction:

**NOTE:** This item *must* be completed.

part of the story, this memorandum order goes on to outline Brandon's future responsibilities regarding the $350 filing fee that he has incurred by virtue of bringing this action.

As stated earlier, Brandon is currently assessed the initial fee of 22.78, and the County Jail trust fund officer is ordered to collect that amount from Brandon's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention:  Fiscal Department

After such payment, the County Jail trust fund officer (or the corresponding officer at any other correctional facility where Brandon may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Brandon's name and the 08 C 6286 case number assigned to this action.

That being said, as stated earlier both the Complaint and this action are dismissed. Also as stated earlier, such

dismissal is without prejudice.

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date:  November 5, 2008